UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHAUN SMITH, | No. 2:20-cv-2219 CKD P |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF SACRAMANTO, et al., | |
| Defendants. | |

Plaintiff is a Sacramento County Jail prisoner proceeding pro se with claims arising under 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff requests leave to proceed in forma pauperis. As plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), his request will be granted. Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a complaint must contain, among other things, "a short and plain statement of the claim showing that the pleader is entitled to relief." The body of plaintiff's complaint is 72 pages, most of which are handwritten, and attached are 19 pages of exhibits. The complaint concerns nearly every conceivable aspect of conditions at the Sacramento County Main Jail and the Rio Cosumnes Correctional Center including uncleanliness, periods of prolonged isolation, overcrowding, denial of adequate medical care, denial of access to incoming mail, denial of access to courts, the food and denial of outdoor exercise. Generally speaking, the allegations are vague and repetitive. The only defendants in the action are the County of Sacramento and Sheriff Scott Jones. Plaintiff's allegations against defendant Jones appear to be against him in his official capacity as there are few if any allegations that defendant Jones was actually involved in any of the conduct alleged.

Because the complaint violates Rule 8, it must be dismissed. Plaintiff will be granted leave to amend. Plaintiff must comply with the following if he wishes to file an amended complaint:

1. The amended complaint cannot exceed 20 pages not including exhibits. To this end, plaintiff should omit information that is repetitive and information not relevant to stating an actionable claim.

2. The court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

3. In his amended complaint, plaintiff may bring as many claims as he likes against a particular defendant. Fed. R. Civ. P. 18(a). But, claims brought against other defendants must

arise "out of the same transaction, occurrence, or series of transactions or occurrences" as a claim against the first defendant. Fed R. Civ. P. 20(a)(2). Vague allegations concerning conspiracy do not satisfy court rules regarding joinder of claims.

More generally, in order to state a claim upon which relief can be granted in his amended complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's federal rights, see Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980), alleging in specific terms how each named defendant is involved. Also, in order to avoid dismissal for failure to state a claim must have facial plausibility. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

Municipalities or city or county officials cannot be held vicariously liable under § 1983 for the actions of their employees. Monell v. Dep't of Social Services, 436 U.S. 585 at 691, 694 (1978). "Instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." Id. at 694. It is not sufficient for plaintiff to assert that he was injured in violation of the policy of a municipality or a city or county official. Plaintiff must point to facts which suggest that the policy in fact existed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. All fees shall be collected and paid in accordance with this court's order to the Sacramento County Sheriff filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint." Failure to file an

/////

/////

amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: November 25, 2020

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

1
smit2219.14